FILED

January 28, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:59 AM



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| JAMES HEMINGWAY | ) | Docket No.: 2015-05-0138 |
| **Employee,** | ) | |
| v. | ) | State File No.: 84810-2014 |
| | ) | |
| NISSAN NORTH AMERICA, INC. | ) | Judge Dale Tipps |
| **Employer,** | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned workers' compensation judge on January 20, 2016, on the Request for Expedited Hearing filed by the employee, James Hemingway, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of Mr. Hemingway's right wrist and hand condition and his entitlement to medical and temporary disability benefits. The central legal issue is whether the evidence is sufficient for the Court to determine that Mr. Hemingway is likely to establish at a hearing on the merits he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court finds Mr. Hemingway is not entitled to the requested benefits at this time.[1]

### History of Claim

Mr. Hemingway is a fifty-five-year-old resident of Rutherford County, Tennessee. He has worked on the production lines at Nissan for twenty-two years. He testified he uses tools on the line that require him to perform squeezing or triggering motions approximately 19,000 times per workday. He began having problems with his right wrist and hand, which he reported to Nissan on October 26, 2014. Nissan provided Mr. Hemingway with a panel of physicians, and he selected Dr. Gilbert Woodall as his authorized treating physician (ATP). (Ex. 7.)

Mr. Hemingway saw Karen Christian, RN in Dr. Woodall's office on October 26, 2014, for right wrist pain. After examining Mr. Hemingway and discussing the physical

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

requirements of his job, RN Christian assessed "activity intolerance with right hand pain and swelling." She provided Advil to Mr. Hemingway and returned him to finish his shift with no use of the right arm. (Ex. 11.) Mr. Hemingway returned the next day and saw Dr. Woodall, who noted: "Right wrist sprain – could be work related. Possibly gout – which would not be work related. Awaiting to see response to medication before causation can be clearly stated." Dr. Woodall prescribed a Medrol dosepak and continued Mr. Hemingway's restrictions. *Id.*

When Mr. Heminway returned to Dr. Woodall on November 3, 2014, Dr. Woodall noted minimal swelling and tenderness mid dorsum, along with some pain-limited range of motion. He diagnosed: "Acute arthritis episode likely gout and unlikely primarily work-related." *Id.*

Dissatisfied with Dr. Woodall's diagnoses, Mr. Hemingway sought treatment with his own physician, Dr. Kerri Woodberry, who ordered diagnostic tests. Dr. John Witt performed nerve conduction and EMG studies on February 10, 2015. He concluded the findings were consistent with moderate bilateral carpal tunnel syndrome. (Ex. 2.)

Mr. Hemingway returned to Dr. Woodall on February 19, 2015, with complaints of right hand pain and numbness, but no tenderness or swelling. Dr. Woodall noted Mr. Hemingway had seen his primary care physician and a neurologist for diagnostic tests and a carpal tunnel injection. After reviewing copies of Mr. Hemingway's records, including his MRI and nerve conduction study results, Dr. Woodall stated:

> Primary diagnosis is arthritis of right wrist – causing pain, swelling and median neuropathy. The arthritis is likely old trauma with subsequent propensity for osteoarthritis – primarily idiopathic and degenerative in causation and not primarily work related. The carpal tunnel syndrome is primarily related to the significant osteoarthritis a known high risk factor and not the paint shop work activities which have historically and [by] observation been low risk in force posture and repetition at Nissan.

(Ex. 11.)

Mr. Hemingway testified that his symptoms have improved after Nissan provided modified duty. However, he still has pain and problems with his right wrist and hand. After Nissan denied his claim, he filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Hemingway filed a Request for Expedited Hearing, and this Court heard the matter on January 20, 2016.

At the Expedited Hearing, Mr. Hemingway asserted his condition is compensable

because any connection between his work and his symptoms is sufficient to meet the "primarily arising out of" requirement. He further contended the Court should disregard Dr. Woodall's diagnoses because they are incorrect.

Nissan countered that, as the ATP, Dr. Woodall's causation opinion is statutorily presumed to be correct, and Mr. Hemingway submitted no medical evidence sufficient to overcome that presumption. As a result, the medical proof establishes that Mr. Hemingway's work was not the primary cause of his right wrist and hand condition.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). Injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14)(B) (2015).

Mr. Hemingway selected Dr. Woodall from a panel of physicians provided by

Nissan. Therefore, Tennessee Code Annotated section 50-6-102(14)(E) (2015) establishes a rebuttable presumption of correctness for Dr. Woodall's causation opinion that Mr. Hemingway's condition is not work related.

Mr. Hemingway objected to Dr. Woodall's causation analysis, arguing his diagnoses and conclusions were simply incorrect. Mr. Hemingway suggested during the hearing that Dr. Woodall ignored his carpal tunnel syndrome diagnosis. In fact, Dr. Woodall's February 19, 2015 note clearly shows he reviewed the electrodiagnostic studies and specifically addressed the cause of Mr. Hemingway's carpal tunnel syndrome.

Mr. Hemingway attempted to introduce Dr. Woodberry's February 18, 2015 office note into evidence. Nissan objected on the grounds that the document was incomplete – it was only the second page of a two-page record. The Court notes that, even if it admitted Dr. Woodberry's partial record into evidence, it is void of any causation opinion, much less any opinion relating Mr. Hemingway's carpal tunnel condition primarily to his work. The Court cannot substitute its medical opinion, or that of Mr. Hemingway, for the professional opinion of Dr. Woodall. Absent a contrary medical opinion, Mr. Hemingway cannot rebut the presumption of correctness afforded Dr. Woodall's opinion by the statute. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 8, 2015).

Therefore, as a matter of law, Mr. Hemingway has not come forward with sufficient evidence from which this Court may conclude he is likely to prevail at a hearing on the merits. The Court must deny his requests for medical and temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hemingway's claim against Nissan and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on March 23, 2016, at 9:30 a.m.

**ENTERED this the 28th day of January, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

4

<u>Initial (Scheduling) Hearing</u>:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims.  You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note:  <u>You must call in on the scheduled date/time to participate.</u>  Failure to call in may result in a determination of the issues without your further participation.  All conferences are set using Central Time (CT).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board.  To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.**  Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment.  Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service.  In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee.  The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter.  The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable.  **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited

Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of James Hemingway
2. February 10, 2015 Record from Middle Tennessee Imaging
3. Nissan Treating Physician Reports
4. First Report of Injury
5. Employee/Manager Medical Statement
6. Wage Statement
7. Panel of Physicians
8. Notice of Denial
9. November 6, 2014 letter from Kristine Olmsted
10. March 6, 2015 letter from Kristine Olmsted
11. Records from Dr. Woodall
12. Signed March 2, 2015 note from Dr. Woodall
13. Partial record from Dr. Woodberry (Identification Only)

Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 28th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| James Hemingway | X | | | 8008 Omaha Ct. Smyrna, TN 37167 |
| Thomas Tucker, Esq. | | | X | tomtucker@bellsouth.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8